UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIANHAI LACE CO., LTD.; TIANHAI LACE (GUANGDONG) LTD.; and TIANHAI LACE USA INC.,

                Plaintiffs,

         v.

ASOS, PLC.; ASOS.COM LIMITED; ASOS US SALES LLC,

                Defendants.

22-CV-9752 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiffs, several entities of Tianhai Lace Company, brought this action alleging that Defendants, entities of ASOS, used Plaintiffs' protected lace designs in various clothing products, and asserting claims for copyright infringement pursuant to 17 U.S.C. § 501, *et seq.*, and under the New York Deceptive Trade Practices Act, New York General Business Law § 349, *et seq.* (the "DPA"). Now before the Court is Defendants' motion to dismiss the Complaint. For the reasons that follow, the motion is denied with respect to the copyright infringement claims but granted with respect to the claims brought under the DPA.

## BACKGROUND

The following facts are drawn from the Complaint, and are accepted as true for purposes of the present motion. *See Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017).

Plaintiffs allege that they have "designed, manufactured, and sold decorative laces" for "more than thirty years," "enjoy[ing] tremendous commercial success in the fashion industry." Compl. ¶ 14. Given their extensive lace portfolio, Plaintiffs allege that they have developed and sold original lace designs which are copyrightable subject matter under 17 U.S.C. § 101, *et seq.*,

and today own some 22,500 lace designs manufactured for sale in 30 countries across the globe. *Id*. ¶¶ 15, 20.  Plaintiffs allege they are the owners U.S. Copyright Office Registrations for five specific lace designs which are relevant to the present action.  *Id*. ¶ 16; *id*., Ex. A (Registration Certificates for Copyright Nos. VA 1-971-441, VA 2-293-81, VA 1-847-129, VA 1-861-878, and VA 1-791-176).

Defendants are alleged to have "systematically and without authorization reproduced, displayed, distributed, created derivative works of, and otherwise infringed" these five lace designs by offering clothing products for sale which feature the protected designs.  *Id*. ¶ 30.  Plaintiffs' investigators "placed multiple orders for" the allegedly infringing products between February 2020 and May 2022, and, upon receiving them, "confirmed that none of the laces included in Defendants' [] [p]roducts were genuine Tianhai laces."  *Id*. ¶ 31.  The Complaint includes a detailed, five-page table showing Plaintiffs' registered lace designs in the left-most column, Defendants' allegedly infringing products in the center column, and Plaintiffs' copyright registration number for the protected design.  *Id*. ¶ 32.  Moreover, the Complaint attaches "photos of the purchased Infringing Products," complete with receipts and email confirmations from ASOS, as Exhibit E.

Despite cease-and-desist letters sent beginning in May 2022, Plaintiffs have not received a substantive response from Defendants regarding the alleged infringement.  *Id*. ¶¶ 34–41.  Instead, Defendants allegedly "continue to reproduce, display, distribute, create derivative works of, and otherwise infringe the Tianhai Lace Designs in the U.S. and multiple countries through the ASOS E-Commerce Platforms," resulting in lost sales and licensing income.  *Id*. ¶¶ 42–44.  Accordingly, Plaintiffs brought this action in November 2022, *see* Dkt. 1, Defendants moved to dismiss in February 2023, *see* Dkt. 25, and the motion was fully briefed in March 2023, *see* Dkt. 31.

**LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The Court must accept as true all factual allegations and draw all reasonable inferences in Plaintiffs' favor, *see Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008), but it need not credit "mere conclusory statements," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and alterations omitted). Courts may consider documents incorporated into the complaint when analyzing motions brought under Rule 12(b)(6), including "any written instrument attached to [the complaint] as an exhibit, materials incorporated in [the complaint] by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (cleaned up) (collecting cases).

**DISCUSSION**

Defendants argue, first, that the claim for copyright infringement should be dismissed because the Complaint fails to provide Defendants "fair notice of which products infringe which of Plaintiffs' Claimed Copyrights," Mot. at 2; and, second, that the claim brought under New York's DPA should be dismissed because it is preempted by federal copyright law, *id*. at 2–3. The

court disagrees with Defendants as to the former argument, but agrees as to the latter.

### I. The Complaint's Copyright Infringement Allegations are Sufficiently Specific

A complaint for copyright infringement must provide the defendant fair notice of the nature of the alleged infringement. *Ino, Inc. v. Needle & Threads of West Palm Beach, Inc.*, 2020 WL 7343037, at *2–3 (E.D.N.Y. Dec. 14, 2020). In this district, courts have held that a complaint alleging copyright infringement includes such fair notice where it states: "(1) which specific original works are the subject of the copyright claim, (2) that [the] plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts during what time the defendant infringed the copyright." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992), *aff'd*, 23 F.3d 398 (2d Cir. 1994); *see also Energy Intel. Grp. Inc. v. Jeffries, LLC*, 101 F. Supp. 3d 332, 338 (S.D.N.Y. 2015) (observing that the Southern District of New York applies "the *Kelly* court's four-prong test to determine whether a claim of copyright infringement satisfies the requirements of Rule 8"); *Cole v. John Wiley & Sons*, 2012 WL 3133520, at *11–13 (S.D.N.Y. Aug. 1, 2012) (same). Allegations of infringing acts under the fourth *Kelly* prong must be "set out with some specificity." *Lindsay v. R.M.S. Titanic*, 1999 WL 816163, at *4 (S.D.N.Y. Oct. 13, 1999). This does not present a "heighted pleading" standard, but is one fully embraced under Federal Rule of Civil Procedure 8, which mandates that a plaintiff provide a "short and plain statement of the claim" in his complaint. Fed. R. Civ. P. 8(a)(2). Because "to survive a motion to dismiss, a plaintiff's facts must give rise to a plausible narrative supporting his claim," *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 615 (S.D.N.Y. 2013), a complaint in copyright infringement actions must do more than simply "rest on bare-bones allegations that infringement occurred," *Jacobs v. Carnival Corp.*, 2009 WL 856637, at *4 (S.D.N.Y. Mar. 25, 2009).

The parties do not dispute that Plaintiffs properly pleaded facts in the Complaint satisfying the first three prongs of the *Kelly* analysis.  First, the Complaint identifies U.S. Copyright Registration Numbers VA 1-971-441, VA 2-293-81, VA 1-847-129, VA 1-861-878, and VA 1-791-176 as the specific protected lace designs that the Defendants purportedly infringed, and further includes a detailed chart displaying these copyrighted lace designs alongside images of Defendants' purported infringement.  Compl. ¶¶ 16, 32.  Second, Plaintiffs allege ownership of those design copyrights, as well as, third, that they were properly registered prior to the commencement of this action, as required by the statute.  *See* Compl., Ex. A; *see also Exceller Software Corp. v. Pearson Educ., Inc.*, 2010 WL 4486944, at *6 (S.D.N.Y. Nov. 9, 2010) ("The Amended Complaint alleges that Exceller owns and has registered the source code [].  This is sufficient to satisfy the first three [] requirements.").

Defendants argue in their motion to dismiss, however, that the Complaint fails to allege copyright infringement with sufficient particularity to satisfy the fourth *Kelly* prong, which requires that Plaintiffs identify "by what acts during what time the defendant infringed the copyright[s]" at issue.  *Kelly*, 145 F.R.D. at 36.  The Court disagrees.  Here, the Complaint includes a detailed table with "close-up portions of what appears to be nine different products" manufactured and sold by Defendants beside Plaintiffs' copyrighted lace designs.  Compl. ¶ 32.  And as to Defendants' insistence that this table leaves them unable to identify their own purportedly infringing products, the Complaint *further* directs to an attached Exhibit E, which includes Defendants' own product web pages listing the specific product names—used in commerce *by Defendants*—for each of the allegedly infringing products.  *See* Compl., Ex. E1 (showing "ASOS DESIGN Curve Rosie lace underwired bodysuit in red," "ASOS DESIGN soft mini skater dress in floral print with eyelash lace," and "ASOS DESIGN long sleeve pencil dress

in lace with geo lace trims"). Defendants bizarre insistence that they are "left only to guess in order to identify the allegedly infringing products," Mot. at 7, despite this wealth of information in the Complaint is therefore unreasonable in the Court's view. Any grievance that Defendants' own product names as advertised to consumers are too general for their counsel to be put on notice by this detailed Complaint—which includes website screenshots and product receipts—has nothing to do with whether Plaintiffs have adequately stated claims for which relief can be granted.

At bottom, in order to satisfy the fourth *Kelly* "requirement, the complaint 'need not specify which copyright is infringed by which act,' but it must 'contain some factual allegations to narrow the infringing acts beyond broad conclusory statements of infringement.'" *Hartmann v. Amazon.com, Inc.*, 2021 WL 3683510, at *5 (S.D.N.Y. Aug. 19, 2021) (quoting *PalmerKane LLC v. Scholastic Corp.*, 2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013)). And here, the Complaint goes considerably further than is required as a matter of law with its detailed copyright-to-alleged-infringement table and its attached exhibits. *See also Maverick Recording Co. v. Goldshteyn*, 2006 WL 2166870, at *3 (E.D.N.Y. July 31, 2006) (observing that a "plaintiff need not provide a description of the individual instances or exact times of infringement" so long as a complaint generally "describe[s] how the defendant violated the copyright," and collecting cases). Accordingly, Defendants' motion to the dismiss the Complaint for failing to meet the *Kelly* pleading requirements for a copyright infringement claim is denied.

## II.    The New York DPA Claim is Preempted by Federal Law

Defendants separately argue that the Complaint's claim for misleading and deceptive practices in violation of New York's DPA should be dismissed. For the reasons set forth below, the Court agrees, as the claim is preempted by the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

This case is similar to *Adina's Jewels, Inc. v. Shashi, Inc.*, where, as here, the plaintiff

brought claims both for copyright infringement and violation of New York's DPA rooted in the defendant's alleged copying of the plaintiff's jewelry designs. 442 F. Supp. 3d 766, 770 (S.D.N.Y. 2020). The judge there held that the DPA claim was preempted by the Copyright Act because the harm alleged arose solely out of the defendant's purported copying of the plaintiff's protected designs—there were no allegations, in other words, which were separate and distinct from a textbook claim for copyright infringement. *Id*. at 773. DPA claims meant to "target alleged harm arising out of a defendant's copyrightable material," the court concluded, were preempted by federal copyright law. *Id*.

Plaintiffs' reliance upon *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, 155 F. Supp. 2d 1 (S.D.N.Y. 2001), and *U-Neek, Inc. v. Wal-Mart Stores, Inc.*, 147 F. Supp. 2d 15 (S.D.N.Y. 2001), in their effort to combat the federal preemption argument is misguided. To start, *Twentieth Century Fox* concerned whether a New York common law claim for unfair competition was preempted by the Copyright Act, not one brought under the DPA. 155 F. Supp. 2d at 24–25. Moreover, the unfair competition claim was nevertheless dismissed in that case, as the court concluded that the plaintiff did not allege "that defendants' actions caused public harm." *Id*. at 26. And while *U-Neek* did conclude that a separate element of "intentional deception" for causes of action under the DPA meant that such a claim was not preempted by the Copyright Act, courts in the Second Circuit have long since abandoned that view, and have since uniformly held that DPA claims are so preempted. *See, e.g., Lieb v. Korangy Publishing, Inc.*, 2022 WL 1124850, at *15 (E.D.N.Y. Apr. 15, 2022) (where a DPA claim "alleges nothing more than harms arising from alleged copyright infringement, such claim is properly dismissed as preempted"); *Aaberg v. Francesca's Collections, Inc.*, 2018 WL 1583037, at *9 (S.D.N.Y. Mar. 27, 2018) (holding a claim under the DPA is preempted by the Copyright Act where a plaintiff makes conclusory allegations

7

that consumers were harmed or confused, and the harm complained of arises out of copyright infringement); *Diamond Collection LLC v. Underwraps Costume Corporation*, 2018 WL 1832928, at *8 (E.D.N.Y. Apr. 16, 2018) (same); *Adina's Jewels*, 442 F. Supp. 3d at 773 (same); *Saint-Amour v. Richmond Organization, Inc.*, 388 F. Supp. 3d 277, 291 (S.D.N.Y. 2019) (finding that where a DPA claim alleges defendants are "deceiving the public by claiming to own a copyright," it is preempted as it "seeks to vindicate a right equivalent to the exclusive rights protected by the Copyright Act"); *Bubble Genius LLC v. Smith*, 239 F. Supp. 3d 586, 604–05 (E.D.N.Y. 2017) (same); *Eyal R.D. Corp. v. Jewelex New York, Ltd.*, F. Supp. 2d 441, 449 (S.D.N.Y. 2011) (same).

Plaintiffs' claim under the DPA here is no more than a copyright infringement claim minimally refashioned with the addition of conclusory allegations that the infringing conduct was directed at consumers. *See* Compl. ¶ 55 ("Defendants' conduct is directed at consumers and injures the public interest."). As in *Saint-Amour*, where the complaint alleged only that the defendants were "deceiving the public by claiming to own a copyright" and the Court concluded that "[s]uch a claim is not qualitatively different than the" claim under the Copyright Act, 388 F. Supp. 3d at 291, the DPA claim here is preempted. *See also Aaberg*, 2018 WL 1583037, at *9 (finding, where the plaintiffs "offer[ed] no examples of any consumers who were confused," and "the gravamen of the complaint [was] harm to another business," that the plaintiffs failed to allege public harm giving rise to a DPA claim). Accordingly, the motion to dismiss the DPA claim as preempted by the Copyright Act is granted, albeit without prejudice to amendment.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is denied with respect to the copyright infringement claims and granted with respect to the claims brought under the DPA. Should

Plaintiffs wish to amend the Complaint, they may do so within thirty (30) days, provided they have a good faith basis for doing so. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 25.

SO ORDERED.

Dated:     May 16, 2023
              New York, New York

                                                   Hon. Ronnie Abrams
                                                   United States District Judge